IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY LEE WALLACE,

      Plaintiff,                      No. CIV S-07-1827 WBS DAD P

    vs.

SACRAMENTO SHERIFF, et al.,

      Defendants.              ORDER

_____/

       Plaintiff is a federal prisoner proceeding pro se with an action that arose while he was incarcerated at the Sacramento County Jail. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28

1

U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

Plaintiff's complaint appears to state a cognizable Eighth Amendment claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action as to defendant Sheriff of the Sacramento County Jail. Plaintiff has not provided any factual allegations concerning defendants identified as "Classification Committee" and "Captain;" therefore, the court will not order service on these defendants. In addition, the Sheriff's Department itself is not a "person" amenable to suit under § 1983 and therefore is not a proper defendant. See United States v. Kama, 394 F.3d 1236, 1240 (9th Cir. 2005) (and cases cited therein). In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), rev'd on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).

In his complaint, plaintiff requests the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances at this time.

In his complaint, plaintiff also requests that this action proceed as a class action.  However, plaintiff is a non-lawyer proceeding without counsel.  It is well established that a layperson cannot ordinarily represent the interests of a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.  See Martin v. Middendorf, 420 F. Supp. 779, 780 (D.D.C. 1976).  This action, therefore, will not be construed as a class action but will proceed as an individual civil suit brought by plaintiff.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's September 5, 2007 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director or Warden of the Federal Correctional Institution - Terminal Island, filed concurrently herewith.

3. Service of the complaint is appropriate for Sheriff of the Sacramento County Jail.

4. The Clerk of the Court shall send plaintiff one USM-285 forms, one summons, an instruction sheet, and a copy of the complaint filed September 5, 2007.

/////

3

1          5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

   a. The completed, signed Notice of Submission of Documents;

   b. One completed summons;

   c. One completed USM-285 form for the defendant listed in number 3 above; and

   d. Two copies of the endorsed complaint filed September 5, 2007.

  6. Plaintiff shall not attempt to effect service of the complaint on defendant or request a waiver of service of summons from the defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

  7. Plaintiff's request for the appointment of counsel is denied.

  8. Plaintiff's request that this action proceed as a class action is denied.

DATED: October 12, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
wall1827.1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY LEE WALLACE,

      Plaintiff,   No. CIV S-07-1827 WBS DAD P

  vs.

SACRAMENTO SHERIFF, et al.,   NOTICE OF SUBMISSION

      Defendants.   OF DOCUMENTS

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      _____ <u>one</u> completed summons form;

      _____ <u>[#]</u> completed USM-285 forms; and

      _____ <u>[#]</u> true and exact copies of the complaint filed September 5, 2007.

DATED: _____.

                                                  _____
                                                  Plaintiff